IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| TANK WORKS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-246-A |
| | § | |
| SNYDER INDUSTRIES, INC., | § | |
| | § | |
| Defendant and | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| BRYAN ROWSEY, | § | |
| | § | |
| Third-Party Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of plaintiff, Tank Works, Inc., to remand the above-captioned action to the state court from which it was removed. The court has concluded that the motion to remand should be denied.

I.

Grounds of the Motion

Plaintiff urges the following grounds for remand:

A. The Waiver Ground

Plaintiff maintains that the removing party, Snyder Industries, Inc., who is the defendant and third-party plaintiff

in this action, waived any right of removal it might have had by engaging in activity in the state court that plaintiff contends evidenced a clear and unequivocal intent of defendant to subject itself to the state court's authority.

B. <u>Alleged Destruction of Diversity of Citizenship by a Post-Removal Amended Complaint</u>

After this action was removed to this court, plaintiff, without leave of court, filed an amended complaint adding as a defendant a Texas citizen, Jet Specialty Inc. If the amended complaint were to be allowed, and if Jet Specialty Inc. was not determined to be an improperly joined defendant, diversity of citizenship would have been destroyed by the filing of the amended complaint, and remand would be required.[1]

C. <u>The Pre-Removal Assertion by Defendant of a Third-Party Claim Against a Texas Citizen Allegedly Destroyed Diversity</u>

Plaintiff contends that the joinder by defendant of a Texas citizen, Bryan Rowsey, as a third-party defendant before the notice of removal was filed destroyed diversity of citizenship, thus preventing removal.[2]

---

[1]The court has ordered the amended complaint by which Jet Specialty Inc. was joined as a defendant unfiled and stricken, thus eliminating the need to evaluate whether Jet Specialty Inc. was improperly joined for the sole purpose of defeating federal court jurisdiction.

[2]The court is satisfied that defendant's naming of a third-party defendant who is a citizen of the State
(continued...)

\* \* \* \* \*

The court has concluded that only the waiver ground has enough potential merit to justify further consideration, and will limit its discussion from this point on in this memorandum opinion to that ground.

II.

Chronology Bearing on the Waiver Ground

This action was instituted by the filing by plaintiff in the District Court of Tarrant County, Texas, 153rd Judicial District, of its original petition and complaint for damages ("original complaint"). Plaintiff did not request issuance of a citation (process) for service on defendant.[3]

On December 13, 2010, plaintiff caused a copy of the original complaint to be delivered to the Secretary of State of the State of Texas as purported substituted service on defendant. A copy of the original complaint was forwarded by the Secretary of State to defendant by certified mail, return receipt

---

[2](...continued)
of Texas does not destroy diversity of citizenship inasmuch as there is no controversy existing between plaintiff and the third-party defendant. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 66-67 n.1 (1996).

[3]Under the Texas practice, the process that, when served on a defendant, obligates the defendant to file a responsive pleading is referred to as a citation. Tex. R. Civ. P. 99. The citation is issued by the state court clerk upon request of the plaintiff. Id. A judgment cannot be entered against a defendant unless the defendant has been served with process. Id. 107, 124.

requested, on December 15, 2010. The return receipt was received by the Secretary of State on December 20, 2010, bearing the signature of an agent of defendant. A certificate of the Secretary of State certifying to those facts was filed with the state court clerk on January 11, 2011, with a cover letter describing the item as "*Return of Service on Snyder Industries, Inc.*"[4] Notice of Removal, tab 2 (Jan. 10, 011, letter).

On December 14, 2010, counsel for plaintiff arranged for a copy of the original complaint to be left at defendant's place of business. After it received the copy, defendant, through counsel, ascertained through inquiries of the clerk of the state court that a citation had not been issued. Also, defendant ascertained by inquiry directed to the office of the Secretary of State that a citation had not been delivered to the Secretary of State, only the original complaint, and that the December 15, 2010, certified mailing by the Secretary of State to defendant did not include a copy of the citation.

On December 29, 2010, counsel for defendant sent a letter to counsel for plaintiff informing counsel that defendant was aware

---

[4] The Texas statute that authorizes substituted service on the Secretary of State requires that the citation accompany the complaint, and that the Secretary of State forward to the defendant a copy of the citation along with a copy of the complaint. Tex. Civ. Prac. & Rem. Code §§ 17.044, 17.045. Thus, the certificate of the Secretary of State could not honestly be referred to as a "Return of Service."

4

of the state court suit and had received a copy of the original complaint, but that defendant had not received a citation, with the result that defendant had no obligation to appear and respond to the complaint. The letter informed plaintiff of defendant's position that the claims made in the original complaint were without merit, and encouraged dismissal of the suit. Counsel for plaintiff did not respond to the letter. On January 10, 2011, counsel for defendant sent an email to counsel for plaintiff reminding the latter of the December 29 letter and requesting a response. Later in the day on January 10, counsel for plaintiff responded by email, saying "I have received your letter and have been in and out of the office until today, and, as yet, have not had a chance to fully address your concerns, thank you." Id., tab 12 (Notice to Set Aside Default J. and for New Trial), Ex. 4, Ex. B.

Without further communicating with counsel for defendant, on February 16, 2011, plaintiff, through its counsel, filed in the state court a motion for default judgment, falsely representing to the state court that plaintiff had "appropriately served process upon the Secretary of State."[5] Id., tab 5 (Mot. for

---

[5]The state court clerk never issued a citation for service on defendant, presumably because counsel for
(continued...)

5

Default J.) at 3. In the Conclusion and Prayer of the motion for default judgment, plaintiff falsely represented to the state court that "Defendant has failed to file an answer in accordance with the Texas Rules of Civil Procedure <u>after being served with the Citation</u>." <u>Id.</u> at 11 (emphasis added). Neither defendant nor its counsel was provided a copy of the motion for default judgment, nor was either of them notified of the hearing scheduled on the motion. On February 10, 2011, plaintiff had filed an amended complaint. Plaintiff did not provide a copy of the amended complaint to defendant or its counsel.

On February 28, 2011, the state court granted a partial default judgment, ordering a default in favor of plaintiff against defendant as to each and every element of plaintiff's claims against defendant for breach of contract, for misappropriation of plaintiff's trade secret, and for conversion.[6] The form used for the order, which had been prepared for the judge's signature by counsel for plaintiff, contained the misleading recitations that "[t]he Court finds

---

[5](...continued)
plaintiff never requested issuance of a citation, nor was there ever on file with the clerk in the state court action any return showing that there had been service of a citation on defendant.

[6]Under Texas law, the unliquidated damages sought by plaintiff against defendant could not be awarded without a hearing, after notice to defendant. Tex. R. Civ. P. 243.

6

that: i) the citation was duly served with process on December 15, 2011; ii) the return of service has been on file since January 10, 2011."⁷ Id., tab 9 (Feb. 28, 2011, order) at 1.

Under Texas law, the clerk of the state court was obligated to notify defendant of the default judgment, Tex. R. Civ. P. 239a, and presumably did so. On March 14, 2011, defendant filed in the state court its motion to set aside default judgment and for new trial. The main ground of the motion was that the default judgment was not valid because no citation had been issued by the clerk and served on defendant as Texas law required as a condition to grant of a judgment against defendant. Alternatively, defendant maintained that, even if there had been valid service of process, the elements that had to be satisfied under Texas case law for the granting of relief from default judgment existed in this case. One of those elements was that the motion for new trial be filed at a time when its granting will not delay or injure the plaintiff. See Craddock v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. 1939). Before filing its motion to set aside default judgment and for new trial,

---

⁷Rule 107 of the Texas Rules of Civil Procedure provides, in pertinent part, that "[n]o default judgment shall be rendered in any cause until the citation, . . . with proof of service as provided by this rule, . . . shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment."

7

defendant's counsel conferred with plaintiff's counsel in an effort to resolve the dispute without the necessity of court intervention, but without success, thus necessitating the filing of the motion.

On March 22, 2011, defendant filed in state court a document titled "Defendant's Motion to Dismiss and Original Answer, Counterclaim, and Third-Party Petition Subject Thereto." The motion to dismiss feature of the document actually asserted in motion form affirmative defenses to plaintiff's claims against defendant, which would require an evidentiary hearing for resolution. Defendant requested such a hearing at the end of the motion to dismiss section of the document. The day after such document was filed, the state court judge signed an order granting defendant's motion to set aside default judgment and for new trial. The day after that, March 24, defendant filed with the state court clerk a return of citation showing that the third-party defendant named in defendant's third-party petition had been served with process on March 22.

On April 7, 2011, defendant filed its first amended original answer subject to its motion to dismiss, and on April 11, 2011, defendant filed its amended motion to dismiss, asserting in independent motion form the same affirmative defenses that

defendant had included in the motion to dismiss section of the document it filed March 22.

On April 13, 2011, defendant timely filed its notice of removal.[8] On May 13, 2011, plaintiff filed its motion to remand, asserting the grounds described in section I. of this memorandum opinion. Defendant responded in opposition to the motion to remand on June 3, 2011; and, plaintiff replied to the response on June 29, 2011. The waiver issue was the main focus of each of the filings.

III.

Analysis

Under Fifth Circuit law, there can be a waiver of a right of removal if the removing party seeks state court rulings on the merits of the case, thus indicating clearly and unequivocally that the party has chosen to submit the case to the state court for adjudication. However, the opinions have not been entirely consistent in describing the level of state court activity that will lead to such a waiver. A waiver will not occur if the removing party simply took preliminary steps in state court to

---

[8]Inasmuch as plaintiff never served defendant with state court process, the event that normally commences the running of the thirty-day period of time for the filing of a notice of removal, see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 350 (1999), the court is assuming that the thirty-day period should be calculated from the March 14 date when defendant voluntarily appeared by the filing of its motion to set aside the default judgment and for new trial.

set aside a default judgment. <u>Beighley v. FDIC</u>, 868 F.2d 776, 782 (5th Cir. 1989). In <u>Tedford v. Warner-Lambert Co.</u>, the Fifth Circuit said:

> A waiver of the right to remove must be clear and unequivocal; the right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits.

327 F.3d 423, 428 (5th Cir. 2003). However, that language was <u>dicta</u>. In <u>Tedford</u>, the issue was whether procedural relief sought by the removing party caused waiver of the right of removal. The Fifth Circuit distinguished court decisions upon which the plaintiff relied by saying that "[t]he authority cited by [plaintiff] is not persuasive, for in each of those cases the defendant moved to dismiss the suit," <u>id.</u>, thus implying that if the defendant in <u>Tedford</u> had filed a state court motion seeking dismissal, the Fifth Circuit might have found existence of a waiver. In <u>Johnson v. Heublein Inc.</u>, the Fifth Circuit included the filing of a motion to dismiss as one of the reasons why a right of removal was waived, saying:

> The Co-defendants waived their right to remove the case under the original complaint by (1) failing to file a notice of removal within thirty days of service of the initial complaint, and (2) filing both motions to dismiss and a motion for summary judgment in the state court proceeding prior to the filing of the amended complaint by the Co-plaintiffs, thus invoking

10

the jurisdiction of the state court in resolving the
issues presented by the original complaint.

227 F.3d 236, 244 (5th Cir. 2000).

Language used in some of the opinions of district courts in the Fifth Circuit suggests that waiver, <u>vel non</u>, will turn on whether the actions taken by the removing party in state court were only to preserve the <u>status quo ante</u> and not to dispose of the matter on its merits. <u>See, e.g.</u>, <u>Schulz v. Amalgamated Mgmt. Corp.</u>, No. 3:99-CV-433-D, 1999 WL 242700, *2 (N.D. Tex. Apr. 19, 1999). Another district judge said that "[a] defendant may waive his right to removal by taking substantial action in state court before filing a notice of removal." <u>Landry v. Cross Country Bank</u>, 431 F. Supp.2d 682, 687 (S.D. Tex. 2003). In another district court case, the judge said that the removing party would have waived its right to remove if it had participated in a summary judgment hearing after learning that the case had become removable. <u>Ortiz v. Brownsville Indep. Sch. Dist.</u>, 257 F. Supp.2d 885, 890 (S.D. Tex. 2003).

There might well be plausible basis for an argument that defendant engaged in sufficient state court activity to support an inference that it waived its right of removal. Defendant certainly caused the state court to exercise its adjudicatory

powers in its favor by persuading the state court to set aside the default judgment. Had defendant chosen to do so, it could have first filed a notice of removal and then, once the case was removed, requested the federal court to set aside the default judgment and grant a new trial. The appearance is that defendant made a conscious decision to obtain a state court ruling on validity of the default judgment rather than to put that issue to the federal court after removal. The court is satisfied that none of the other state court activities in which defendant engaged would support a conclusion that defendant clearly and unequivocally chose to submit its case to the state court for adjudication.

On the date of the signing of this memorandum opinion and order the court had a telephone conference/hearing with counsel for all parties on the line. The court expressed puzzlement as to why plaintiff had not urged in its motion to remand that a waiver of right of removal resulted from the conduct of defendant in moving for and obtaining an order setting aside the default judgment order. After the court made known the court's concerns about conduct of plaintiff, through its counsel, leading up to the entry of the default judgment order, counsel for plaintiff explained to the court during the telephone conference/hearing

that plaintiff does not wish to urge a waiver theory against defendant based on any of defendant's conduct related to the setting aside of the default judgment.

Even though plaintiff is not urging waiver based on defendant's activities related to the default judgment, the court thinks appropriate to make known the court's views as to why such a waiver claim would, in any event, fail.

Waiver is an equitable doctrine. In re Universal Underwriters of Tex. Ins. Co., No. 10-0238, ___ S.W.3d ___, 2011 WL 1713278, *7 (Tex. May 6, 2011), 54 Tex. Sup. Ct. J. 931 (May 6, 2011). Waiver, as with other equitable doctrines, "cannot be used to reward inequities or to defeat justice." Regional Props., Inc. v. Fin. & Real Estate Consulting Co., 752 F.2d 178, 183 (5th Cir. 1985). An equitable doctrine, such as waiver, "cannot be successfully asserted . . . if the defendant comes to court with unclean hands." Id. "Under the doctrine of unclean hands, he who commits inequity is not entitled to equitable relief." Id.

Plaintiff, through its counsel, conducted itself disgracefully in the events described in section II. of this memorandum opinion that led to, and enabled plaintiff to obtain,

13

the default judgment order.⁹ Counsel knew that defendant had not been served with citation, with the result that counsel knew that plaintiff had no right to obtain a judgment against defendant. Yet counsel plowed forward, misrepresenting to the state court in the motion for default the status of service of process, and then causing the state court to include in the order granting the default judgment recitations that appear to have had the goal of leading the reader of the order to conclude that the state court found that service of process had been properly accomplished and that return thereof had been on file the proper length of time before the default was granted.

The court is satisfied that no ethical attorney would have engaged in the conduct described above that led to the signing by the state court judge of the default judgment order. If the default judgment order had not been rendered, defendant in all probability would have taken as its first action in the state court the filing of a notice of removal. As it was, because of plaintiff's inequitable conduct, defendant and its counsel undoubtedly perceived that they were in an emergency situation

---

⁹The attorneys for plaintiff who filed the motion for the default judgment that made false representations concerning service of process were William H. Chamblee and KC Ashmore of the Dallas law firm of Chamblee, Ryan, Kershaw & Anderson. In most of the other activities on behalf of plaintiff described in this memorandum opinion, Ashmore was the attorney directly involved.

14

that required immediate action to try to obtain relief from the default judgment; and, the court can understand why even a skilled attorney would have concluded that the wisest course to pursue at that time would be to seek relief from the default order by a motion directed to the state court inasmuch as the state court judge had been the one duped into signing the order by the unethical conduct of plaintiff's counsel.

For the reasons stated above, the court has concluded that plaintiff's waiver ground for remand should be rejected.

IV.

Order

Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

SIGNED July 26, 2011.

_____
JOHN McBRYDE
United States District Judge